## ZIVAS v. JINKINS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Defendant motorist is assumed to have been guilty of negligence in causing injuries to plaintiff pedestrian, where only question presented on appeal is whether plaintiff sustained his burden of proving freedom from contributory negligence as a proximate cause of the accident, hence it is unnecessary to make a determination as to defendant's negligence.

2. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

Northbound pedestrian at westerly side of intersection was guilty of contributory negligence as a matter of law in failing to observe westbound motorist approach after having started up from traffic light a block east of intersection at 9:30 p.m. on August 1st, where the sidewalks and pavement were dry and traffic lights and headlights of automobiles had been turned on, it appearing that plaintiff's 3 companions reached north curb safely although he was midway from center of street to north curb.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error, § 823.
[2] 5 Am Jur, Automobiles, §§ 446 et seq., 703 et seq.

Appeal from Berrien; Westin (Edward A.), J. Submitted January 4, 1951. (Docket No. 50, Calendar No. 44,997.) Decided March 1, 1951.

Case by Christ Zivas against Raymond L. Jinkins for personal injuries sustained when he was struck by defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Charles W. Gore,* for plaintiff.

*J. T. Hammond,* for defendant.

BOYLES, J. This is a suit for damages resulting from injuries received by the plaintiff, a pedestrian crossing Main street at the intersection of Eighth street in the city of Benton Harbor, when struck by an automobile driven by the defendant. At the conclusion of the taking of testimony in a trial by jury, the court, on motion of the defendant, directed the jury to return a verdict of no cause for action on the ground that the plaintiff was guilty of contributory negligence as a matter of law. From the judgment entered thereon, the plaintiff appeals.

The only question before this Court on the appeal is whether as a matter of law the plaintiff sustained the burden of proving freedom from contributory negligence as a proximate cause of the accident. Under such circumstances, we assume, and therefore need not determine, that the evidence established that the defendant was guilty of negligence.

The accident occurred about 9:30 p.m., August 1, 1946, while the plaintiff and 3 friends were taking a walk in the downtown district of Benton Harbor. The sidewalks and pavements were dry, the traffic lights of the city and the headlights of automobiles had been turned on. Plaintiff and his 3 friends

finally reached the intersection of Main street and Eighth street in said city. Main street is a 4-lane main-traveled thoroughfare running easterly and westerly through said city. Eighth street intersects, running in a northerly-southerly direction. There were no traffic lights at said intersection. There were, however, the usual stop-and-go traffic lights on Main street both easterly and westerly from the Eighth street intersection at other nearby street intersections. Plaintiff and his companions, turning north at the intersection and on the east side of Eighth street, started to cross to the northerly side of Main street. Before they stepped off the curb to cross to the north side of Main street they all looked at the traffic lights a block or 2 to the east and west on Main street. At those intersections the traffic lights were red and cars were waiting at the intersections for the lights to change. Two of plaintiff's companions started ahead to cross Main street, followed by the third individual and then the plaintiff last. There were 4 lanes of traffic and no cars were at that time in sight moving from the traffic red lights toward the intersection. Automobiles in the lanes nearest the curb from which these men started north would be approaching from the west, and when they reached the center line of Main street they should look for automobiles approaching from the east in the lanes of traffic between the center line and the north curb of Main street. It appears from the record that on reaching the center line plaintiff did not again look toward the east for traffic approaching from the east in the north lanes of traffic on Main street. At one time plaintiff said he saw the "cars" when he was in the center of the street, 200 feet away (presumably at the stop light), and later plaintiff testified that he did not see defendant's automobile at all, before it hit him. He testified:

"*A.* \* \* \* I have been in Benton Harbor before this, coming here since 1944. I know Benton Harbor. \* \* \*

"*Q.* You are familiar with that traffic light at Colfax and Main?

"*A.* Oh, yes, because we come from the place, we come from Detroit, we have traffic there, so every place I cross I check up before I cross. \* \* \*

"*A.* First I think I have to do, Mr. Gore, to turn my attention to the lights and I looked at Colfax light, is red, and my left is red, both lights red, so we start crossing.

"*Q.* Any cars coming at that point?

"*A.* Cars that distance, lots of cars but the cars standing on account traffic light closed so we start crossing because we have time for crossing so we crossing the street and one to the other. \* \* \* The only thing I know is we crossing, the light, we had time to cross.

"*Q.* When you left the curb the traffic light was red?

"*A.* Yes. \* \* \*

"*Q.* Did you see the car start up, Mr. Jinkins' car start up?

"*A.* I didn't see his car.

"*Q.* You didn't see him start moving?

"*A.* No, this fellow coming, the car, I heard these guys 'watch out' and I pass out, this fellow coming so fast I don't know; he knows himself.

"*Q.* This man started from the corner from the light?

"*A.* He knows.

"*Q.* The car standing there at the traffic light, the one that hit you?

"*A.* I don't know, he knows.

"*Q.* Do you know whether the car that hit you was the same one standing at the traffic light? Is the answer no?

"*A.* I don't know.

"*Q.* You didn't see that car start up? Did you?

"*A.* No.

"*Q.* Now when this man ahead of you yelled what did he say?

"*A.* 'Watch out.'  *  *  *

"*Q.* Had you seen the car coming before it hit you?

"*A.* I say no.

"*Q.* The last time you saw the car was before you got hit when it was standing still at the next corner?

"*A.* I didn't see him; I know cars were standing at the light and the street was clear to crossing from this direction; where this fellow came from I don't know, he knows.

"*Q.* You didn't see the car coming at all before it hit you?

"*A.* No."

Plaintiff did not see the approaching automobile of the defendant. The light had changed, defendant started west from that intersection, and the plaintiff obviously did not look again in that direction. Had he looked, before starting to cross the north lanes of Main street, he could have seen defendant's automobile approaching, close enough to cause the accident. It was there in plain sight to be seen. His 2 companions ahead had reached the curb. The third, when nearly to the curb, suddenly discovered defendant's automobile approaching from the east, hurried or jumped to the curb and escaped accident. The plaintiff, following behind him, was struck by defendant's automobile approaching from the east approximately in the lane nearest the center line of Main street. When struck, the plaintiff was about midway between the center line of Main street and the north curb.

Defendant was not driving at an excessive rate of speed, "20 or 25 miles an hour," within the maximum allowed by the local city ordinance. There was nothing to obstruct plaintiff's vision had he looked to his right for approaching motor-vehicle traffic.

It was seen by plaintiff's companions but not by the plaintiff. He was the fourth man crossing the intersection to the north in a somewhat leisurely manner behind the others, and walked into the path in front of defendant's automobile without looking for approaching traffic. Decision herein must follow the rules many times announced in the opinions of the Court, recently repeated and reaffirmed in *Malone* v. *Vining,* 313 Mich 315, and *Boyd* v. *Maruski,* 321 Mich 71.

We are in agreement with the trial court that under the facts shown in the record the plaintiff has not, as a matter of law, sustained the burden of proof of showing freedom from contributory negligence as a proximate cause of the accident.

Affirmed.

Reid, C. J., and North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.